*796
 
 CORTIÑAS, J.
 

 Dieter Schmidt (the “Defendant”) pled guilty to one count of armed burglary and one count of armed robbery, both of which were first degree felonies punishable by life in prison.
 
 [1]
 
 Defendant was sentenced to 364 days in county jail and five years probation, to run concurrently as to each count. Approximately two years later, the Defendant violated his probation and was sentenced to consecutive ninety years in state prison as to each count.
 
 [2]
 
 Following at least seven unsuccessful post-conviction pleadings spanning nearly three decades, in September 2010, the trial court granted the Defendant’s latest 3.800 motion to correct an illegal sentence.
 
 [3]
 
 The State of Florida now seeks review of the trial court’s order vacating the consecutive ninety-year sentences and resentencing the Defendant to consecutive thirty-year sentences as to each count.
 

 Upon review of the transcript of the hearing on the Defendant’s motion to correct illegal sentence, we find that the trial court provided no basis whatsoever for vacating the existing sentence and re-sentencing the Defendant and did not set forth any grounds upon which it was granting relief. The consecutive sentences imposed in this case did not exceed the statutory maximum lawful terms for the criminal offenses in question. Accordingly, we reverse.
 

 Reversed.
 

 [1]
 

 . As part of the plea deal, the State agreed to nolle prosse a remaining charge of unlawful possession of a firearm while engaged in a criminal offense.
 

 [2]
 

 . The initial consecutive 90-year sentences were vacated due to improper retention of jurisdiction, but the Defendant was subsequently re-sentenced to consecutive 90-year sentences.
 

 [3]
 

 . In addition, the Florida Parole Commission has considered and denied the Defendant's parole on multiple occasions.